IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10227
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD HOWARD FANTROY,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CR-248-D-1
- - - - - - - - - -
October 24, 1996

Before POLITZ, Chief Judge, and JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Richard Howard Fantroy appeals the sentence imposed by the district court following entry of his guilty plea to count 12 of a superseding indictment charging him with mail fraud and aiding and abetting. Fantroy argues that the district court erred in holding him responsible for the total amount lost by the victims of his mail-fraud scheme because the amounts used to calculate the total base offense level were not shown to be part of the same "scheme" of "course of conduct." Because this issue was not

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

raised in the district court, we review for plain error. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), cert. denied, 115 S. Ct. 1266 (1995).

Fantroy's argument borders on frivolity. In furtherance of the scheme to which he pleaded guilty, Fantroy staged automobile accidents, recruited other persons, and processed false insurance claims. Clearly, the individual crimes involved "common victims, common accomplices, common purpose, [and] similar modus operandi." U.S.S.G. § 1B1.3 comment. (n.9(A)); see United States v. Lghodaro, 967 F.2d 1028, 1030 (5th Cir. 1992); United States v. Richardson, 925 F.2d 112, 115-16 (5th Cir.), cert. denied, 501 U.S. 1237 (1991).

Fantroy also argues that certain of the individual transactions should not have been counted as relevant conduct because they were outside of the statute of limitations. Statutes of limitations do not limit consideration of what is and is not relevant conduct. See United States v. Vital, 68 F.3d 114, 118 (5th Cir. 1995).

AFFIRMED.